*334 OPINION of the Court, by
Ch. J. Boyle.
— -Thisr was an action of debt, on a judgment of the court of, common pleas for the district ©f St. Charles, in the ritory of Louisiana. The defendant pleaded — 1st, JV10 debet; and 2d, nul tiel record. The former plea wasj concluded to the country, and the latter to the ec and the plaintiff joined issue upon both. On trial of the. issue by the jury the defendant objrmea to the admission of a copy of the record of tlíW judgment offered by the plaintiff as evidence to the,jury⅛ *335 •y.i Pccou.it >n tii: cv. miner ¡n w but the court oveir .eel l in-; Sound a Vcifhct ; "t wms authenticated; 'on. d Ae jury hav-O'o 'or the plaintiff upon the issue of ton entered by Ae court I of the issue upon the To wr.ich judgment this writ midchef, judgment was without having tried o: plea of mil tiel record, of error is prosecuted.
Upon nil citbtt and ml tul record f Laded, it is error to give judgment for p'aintiff upon plea oí nil debit •without trying the caufe upon the other plea*
Two questions are made by the assignment of errors. 1st, Whether the record was properly authenticated ; and 2d, Whether the circuit court erred in giving judgment for the plaintiff without having tided the issue of mil tiel record.
We have no hesitation in deciding the first question in the affirmative. The record in question being of the proceedings and judgment of a territorial court, does not came within the provision of the constitution of the ;United States, and the act of congress made in pursuance of that provision ; these having respect only to the mode ol authenticating the public acts, records and judicial proceedings of the several states. The laws and Aságes of this state must therefore furnish the rule for determining the question of authenticity. The record offered in evidence was attested by the clerk, 'with the seal of the court annexed, and to it was subjoined the certificate of the governor, under the great seal of the territory, that the person attesting the record was the clerk of the court, and that his attestation was in due Jorrn. These solemnities are sufficient evidences of its 'Authenticity, whether we consider it as a foreign or domestic record. If it is to be taken as a foreign record, sthe great seal of the territory seems sufficient under the tact of 1798, to authenticate it so as to make it evidence jsyithin the courts of this commonwealth. If it is to be ^considered as a domestic record, an exemplification under .he great seal, according to the strictest notions of law, would be sufficient; and perhaps according to the Mineral usage of the country, ae exemplification under Íthc -.sai of the court would warrant its admission as evidence. But if either of these solemnities be a sufficient authentication, the copy of the itcm-d produced having *■ both, was unquestionably admissible evidence.
With respect to the second quest An made by the as-1 signment of error, it is apparent that the ciicuit court ¡sotted. If the plea of mil tiel record be in such case a *336 good ene, and we are inclined to think it is, the court ought tp have tried the issue joined upon it and adjudged that the plaintiff had perfected the record, before a final judgment could correctly have been entered up for the plaintiff.
Judgment reversed, and cause remanded for farther proceedings, ike.